UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
WARDEN HINKLE, JOHN DOE BOP
DESIGNATION OFFICIALS 1-3, CITY OF
NEW YORK, JOHN DOE NYPD
DETECTIVES 1-5, JOHN DOE FBI
SPECIAL AGENTS 1-5,

                Defendants.

26-CV-1323 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at Hudson County Correctional Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of his Fourth, Eighth, and Fourteenth Amendments, and the Federal Tort Claims Act, 28 U.S.C. §1346(b), in Brooklyn and Queens, New York. Named as Defendants are the United States of America, the Federal Bureau of Prisons (BOP), Warden Hinkle, warden of Metropolitan Detention Center (MDC) Brooklyn (MDC Brooklyn), three John Doe BOP Designation Officials, five John Doe NYPD Detectives, and five John Doe FBI Special Agents. Plaintiff alleges that the FBI defendants "operate from the FBI New York Field Office at 26 Federal Plaza, New York, NY 10278." (ECF No. 1 at 1, For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

Plaintiff's claims arise from events stemming from the night of December 26, 2023, when Plaintiff and his girlfriend were shot outside of a Queens nightclub: Plaintiff was severely

injured and his girlfriend was killed. (ECF No. 1 at 2, ¶¶ 12–18.) The NYPD and FBI investigated the shooting; those investigators informed Plaintiff that an MDC Brooklyn detainee orchestrated the shooting using contraband cellphones. (*Id.* at ¶¶ 19–20.) NYPD and FBI investigators asked Plaintiff to cooperate as a witness but he "refused to identify individuals he could not reliably identify or make statements inconsistent with his actual knowledge" and "made clear he would . . . not fabricate testimony." (*Id.* at 3, ¶¶ 24–25.)

Five months later, Plaintiff was arrested on charges unrelated to the shooting. (*Id.* at ¶¶ 26, 28). BOP officials designated MDC Brooklyn for Plaintiff's pretrial detention, knowing that the individual who orchestrated the shooting was also detained at MDC Brooklyn. (*Id.* at ¶¶ 33–35.) Plaintiff informed MDC Brooklyn staff of threats to his safety and requested protection. (*Id.* at 4, ¶ 47.) Other MDC Brooklyn detainees attacked Plaintiff, who sustained stab wounds to his back, side, and arms. (*Id.* at ¶¶ 40–41.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights at MDC Brooklyn. He does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his

claims occurred at MDC Brooklyn, and in Queens, which are in Kings County and Queens County, respectively, and fall within the Eastern District of New York. *See* 28 U.S.C. § 112. Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Eastern District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at MDC Brooklyn, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at MDC Brooklyn, where Plaintiff was detained, and it is reasonable to expect that all relevant documents and witnesses also would be at MDC Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court

transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] Summonses shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 22, 2026
          New York, New York

                                        /**s**/Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] Plaintiff did not pay the fees or submit an *in forma pauperis* (IFP) application with a prisoner authorization form when commencing this action.